| HANOVER INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:05-cv-53 |
| | ) |
| KATHY GREEN, et al., | ) Judge Mattice |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Hanover Insurance Company ("Hanover") brings this action pursuant to the Tennessee Declaratory Judgment Act, Tenn. Code Ann. §§ 29-14-101 to 29-14-113, seeking a declaration of its rights and duties under an insurance policy issued to Defendant Steve George and involving Defendants Kathy Green, Tracey George, Scott George, and M.W. Hanover argues that the insurance contract provides no coverage to the defendants in a pending state court action. Plaintiff's unopposed Motion for Summary Judgment is pending before the Court.

After carefully reviewing the record, and for the reasons explained below, the Court **DECLINES** to exercise jurisdiction over the instant action, which is **DISMISSED WITHOUT PREJUDICE**.

## I.   **FACTS AND PROCEDURAL POSTURE**

Plaintiff Hanover is an insurance company incorporated under the laws of New Hampshire with its principal place of business in Massachusetts. (Court Doc. No. 1, Compl. ¶ 1.) Defendants Kathy Green, Steve George, Tracey George, Scott George, and M.W.

are citizens of Tennessee. (*Id.* ¶¶ 3.) Jurisdiction is based on the Court's diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* ¶ 5.)

Hanover issued to Steve George an insurance policy with a policy period from April 29, 2002, to April 29, 2003. (*Id.* ¶ 8.) The businessowners declarations of the policy provided coverage for the premises located at No. 1, 433 Main Street, Huntland, Tennessee 37345. (*Id.* ¶ 9.) An endorsement to the policy provided that the policy did not cover bodily injury or property damage for which any insured may be held liable by reason of causing or contributing to the intoxication of any person, the furnishing of alcoholic beverages to persons under the legal drinking age or under the influence of alcohol, or any law relating to the sale or use of alcoholic beverages. (*Id.* ¶ 10.) Such exclusion applies only if the insured manufactures, sells, or distributes alcoholic beverages; serves or furnishes alcoholic beverages for a charge; or serves or furnishes beverages without a charge, if a license is required for such activity. (*Id.* ¶ 10.)

The underlying state action in this case was brought by Kathy Green against Steve George, Tracey George, Scott George, and M.W. in the Circuit Court of Jackson, Alabama. (*Id.* ¶ 11.) In that case, Green alleges that on August 20, 2002, Steve and Tracey George permitted the sale of alcoholic beverages to persons known by them to be under the age of 21, including M.W., at a party on their property in Jackson, Alabama. (*Id.* ¶¶ 12-14.) The underlying complaint further alleges that M.W. became intoxicated and kicked the decedent, C.G., in the face, thereby causing his death. (*Id.* ¶ 15.) Kathy Green, C.G.'s mother, alleges that C.G.'s death was the direct result of the consumption of the alcoholic beverages sold by the Georges. (*Id.* ¶¶ 11, 16.) This underlying state action is apparently still pending before the Circuit Court of Jackson, Alabama. Hanover does not indicate in

-2-

the complaint filed in this Court whether it is providing for the defense of any of the defendants in the underlying action under a reservation of rights. Hanover is not a party to the underlying action. (Court Doc. No. 12, Mot. for Summ. J. Ex. 3.)

In an attempt to determine its duties under the insurance contract, Hanover filed the instant action pursuant to the Tennessee Declaratory Judgment Act, seeking a declaration by the Court that the insurance policy in question does not provide coverage for the activities alleged in the underlying state action. Specifically, Hanover argues that there is no coverage under the insurance policy issued by Hanover to Steve George for the injuries sustained by Kathy Green and C.G. because (1) the insurance policy only covers activities taking place at the premises described in the policy, and these activities took place on property not listed in the policy; and (2) the alleged activities – the selling the alcoholic beverages to persons under the legal drinking age or under the influence of alcohol or contributing to the intoxication of any person – are specifically excluded from coverage under the terms of the policy. (Compl. ¶¶ 17-18.)

## II.    DISCUSSION

Plaintiff seeks a judgment in the instant action pursuant to the Tennessee Declaratory Judgment Act. The Tennessee Supreme Court has held that the decision whether to entertain a declaratory judgment is within the trial court's discretion. *Tennessee v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000); *S. Fire & Cas. Co. v. Cooper*, 292 S.W.2d 177, 178 (Tenn. 1956). The discretion of the court is "very wide," but refusal to entertain a declaratory judgment should not be arbitrary. *Brown & Williamson Tobacco*, 18 S.W.3d at 193; *S. Fire & Cas.*, 292 S.W.2d at 178.

-3-

The Tennessee courts have not provided any factors to guide trial courts in the exercise of their discretion to refuse to entertain a declaratory judgment. The Sixth Circuit, however, has provided specific guidance to district courts faced with the decision of whether to entertain a declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. The Sixth Circuit has directed district courts to consider the following:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata[";] (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Although not required under the Tennessee Declaratory Judgment Act, the Court will employ the considerations outlined by the Sixth Circuit in *Grand Trunk* to avoid an arbitrary decision regarding the exercise of its discretion to entertain this declaratory judgment action.

Each *Grand Trunk* factor is considered in turn.

## A.    Whether the declaratory action would settle the controversy

The controversy in the instant action is one of insurance coverage. Plaintiff seeks a declaration that it has no duty to indemnify Steve, Tracey, or Scott George or M.W.

In one sense, a declaration of Plaintiff's duties would help to settle controversy: the issue of coverage would be put to rest. In another sense, however, controversy would persist. A declaration of Plaintiff's duties under the insurance contract would not address

-4-

any matter currently at issue in the underlying state court proceeding, since Plaintiff is not a party to the state court litigation. Ultimately, regardless of this Court's determination regarding indemnification, the issues currently before the state court will remain in contention. Thus, the first *Grand Trunk* factor weighs in favor of declining to exercise jurisdiction in this case. *See U.S. Fire Ins. Co. v. Albex Aluminum, Inc.*, 161 Fed. App'x 562, 564-65, 2006 WL 41185, at *3 (6th Cir. Jan. 6, 2006) (per curiam) (upholding a finding that the first *Grand Trunk* factor was not met when the declaratory judgment would not address anything at issue in the underlying state court litigation); *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 278 (6th Cir. 1990) (holding that the first *Grand Trunk* factor was not met in a situation in which the insurer was not a named party in the underlying state court litigation against the insured), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995).

## B. Whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue

Similarly, a declaratory judgment would make clear the legal relationship between the Plaintiff and the Defendants in this action. A judgment, however, would not tend to clarify the relationships currently at issue in the underlying state action, as Plaintiff is not a party to that litigation. *See U.S. Fire Ins. Co.*, 161 Fed. App'x at 565, 2006 WL 41185, at *3 (upholding a finding that the second *Grand Trunk* factor was not met when the plaintiff's declaratory judgment action raised only issues of indemnity, which were not at issue in the underlying state court litigation). The Sixth Circuit has "repeatedly held in insurance coverage diversity cases that 'declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another

-5-

court.' " *Bituminous Cas. Corp. v. J&L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004) (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)). Thus, the second *Grand Trunk* factor weighs in favor of declining to exercise jurisdiction in this case.

## C. Whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for *res judicata*

Plaintiff's pleadings do not suggest that it is seeking a procedural advantage or acting in bad faith. Courts, however, have inferred motives of procedural fencing in similar situations. The mere fact that the issue of indemnification will eventually surface in the underlying state court litigation, coupled with the insurer's choice to seek an advanced judgment on the issue, is enough to infer that the plaintiff is attempting to advantage itself procedurally. *U.S. Fire Ins. Co.*, 161 Fed. App'x at 565, 2006 WL 41185, at *4. In this case, the Court is not willing to infer that Plaintiff is acting solely for its procedural gain, but finds that the third *Grand Trunk* factor weighs neither in favor of exercising nor in favor of declining to exercise jurisdiction in this case.

## D. Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction

To aid in the analysis of whether a declaratory action would increase friction between federal and state courts, the Sixth Circuit has outlined three sub-factors to consider:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

-6-

(3)    whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous Cas. Corp.*, 373 F.3d at 814-15 (quoting *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).

In this instance, the underlying factual issues are important to the resolution of this case, and the state court is in a better position to evaluate those factual issues than is this Court. Whether coverage is provided under the insurance policy at issue hinges on several factual issues, including (1) whether the Georges, or their business, sold alcohol, (2) if so, where they sold alcohol, (3) whether M.W. drank alcohol provided by the Georges or their business, (4) whether M.W. was 21 and whether the Georges knew his age, and (5) whether M.W.'s actions caused the death of C.G. In the course of the underlying litigation, the state court will address these factual issues; for this Court to likewise do so would increase friction between federal and state courts. *See Ohio Cas. Ins. Co. v. Kentucky*, No. 4:05CV-085-M, 2005 WL 2656745, at *3 (W.D. Ky. Oct. 17, 2005). Further, this case was brought pursuant to the Court's diversity jurisdiction, and neither federal common law or statutory law will dictate the resolution of this action. *See Bituminous Cas. Corp.*, 373 F.3d at 816; *Progressive Cas. Ins. Co. v. Franklin*, No. Civ.A.1:05CV-65-M, 2005 WL 1935675, at *3 (W.D. Ky. Aug. 8, 2005).

Thus, because the state court is in the best position to determine the facts at issue in the underlying case, the determination of the facts at issue will play a large role in determining the outcome of this case, and no federal laws will dictate the result in this case

or the underlying case, the fourth *Grand Trunk* factor weighs in favor of declining to exercise jurisdiction in this case.

### E. Whether there is an alternative remedy which is better or more effective

Plaintiff can pursue alternative and preferable remedies. In this instance, Plaintiff could seek a declaration of its duties in the Alabama state court in which the underlying action is pending. Ala. Code §§ 6-6-220 to 6-6-232. The Sixth Circuit has previously stated that "actions for an advance determination . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem." *Manley, Bennett, McDonald & Co.*, 791 F.2d at 463. Thus, the fifth *Grand Trunk* factor weighs in favor of declining to exercise jurisdiction in this case.

### III. CONCLUSION

After considering each *Grand Trunk* factor individually, and weighing them as a whole, the Court **DECLINES** to exercise jurisdiction over Plaintiff's declaratory judgment action. Accordingly, Plaintiff's complaint for declaratory judgment is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall close the file in this case.

SO ORDERED this 25th day of April, 2006.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
